**Opinion issued October 12, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01014-CR

———————————

## EX PARTE CAMERON MICHAEL MOON

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case No. 1467534A

## MEMORANDUM OPINION

In December 2008, a juvenile court waived jurisdiction over 16-year-old

Cameron Michael Moon ("Moon") and certified him to stand trial as an adult in

criminal district court for the charged offense of murder. After a jury convicted him

and assessed his punishment at 30 years' imprisonment, Moon appealed. This Court

held that the juvenile court abused its discretion in waiving jurisdiction over Moon,

vacated the criminal district court's judgment, and dismissed the case. *See Moon v. State*, 410 S.W.3d 366, 378 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014). On the State's petition for discretionary review, the Court of Criminal Appeals affirmed this Court's judgment. *See Moon v. State*, 451 S.W.3d 28, 52 (Tex. Crim. App. 2014).

On remand, the juvenile court again waived jurisdiction over Moon, who was then over the age of 18, and recertified him to stand trial as an adult in criminal district court for the same charged offense of murder. Moon filed a motion to dismiss and an application for a pretrial writ of habeas corpus with the criminal district court, both of which the district court denied.

Moon appealed the district court's denial of his application for a pretrial writ of habeas corpus. In our original opinion, this Court affirmed the trial court's denial of the pretrial writ of habeas corpus. On rehearing, we reversed the criminal district court's order denying Moon's application for a pretrial writ of habeas corpus, and we remanded the matter to the criminal district court with instructions to enter an order granting Moon's pretrial writ of habeas corpus and dismissing the case for lack of jurisdiction. *Ex parte Moon*, 649 S.W.3d 700, 720−21 (Tex. App.—Houston [1st Dist.] 2022).

The Court of Criminal Appeals granted the State's petition for discretionary review to consider three issues related to the juvenile court's second transfer order,

including whether this Court erred in holding that Moon's challenge was cognizable in pretrial habeas, and it raised a fourth ground on its own motion. *See Ex parte Moon*, 667 S.W.3d 796, 803 (Tex. Crim. App. 2023). The Court ultimately concluded that Moon's "appeal from the pretrial habeas corpus application in this case constitutes a 'criminal law matter'" and that this Court lacked authority to entertain his appeal. The Court held that

> given former [Texas Code of Criminal Procedure] Article 44.47(b)'s history and plain import, *any* purported appeal of the district court's pretrial habeas corpus order relating to the juvenile court's transfer order in this case was without authority. The court of appeals should not have entertained [Moon's] appeal but should have simply dismissed it as premature—under former Article 44.47(b).

*Id.* at 801 (holding that former Article 44.47 "limits a defendant's appeal, *of any kind*, that challenges the validity of a juvenile court's transfer order *solely* to the context of criminal post-conviction (or post-deferred adjudication) appellate review"). The Court thus reversed our judgment and remanded the case for this Court "to issue an order dismissing the appeal as unauthorized under former Article 44.47." *Id*. at 85.[1]

Pursuant to the Court's directive, we dismiss this appeal "as unauthorized under former [Texas Code of Criminal Procedure] Article 44.47." *See* TEX. CODE

---

[1] Moon filed a motion for rehearing of the Court's opinion which the Court denied on September 13, 2023. Justice Newell filed a dissenting opinion to the denial of rehearing, in which Justices Richardson and Walker joined.

3

CRIM. PROC. art. 44.47(b) (repealed by Acts 2015, 84th Leg., ch. 74 (S.B. 888), § 4, p. 1066, eff. Sept. 1, 2015).

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

Do not publish.   TEX. R. APP. P. 47.2(b).